UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
BRENT WHITTIER,

                              Plaintiff,

                                                    **MEMORANDUM & ORDER**
            - against -                              18-CV-4142 (PKC)

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
--------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

Christopher James Bowes, attorney for Plaintiff Brent Whittier, moves for approval of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $30,000.  For the reasons below, the Court grants the motion in part, denies it in part, and awards Bowes $15,800 in attorney's fees.

## BACKGROUND

On July 19, 2018, Plaintiff commenced this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security denying Plaintiff disability insurance benefits.  (Dkt. 1.)  Plaintiff moved for judgment on the pleadings (Dkt. 8), and the Commissioner cross-moved for judgment on the pleadings (Dkt. 11).  On July 31, 2019, the Court granted Plaintiff's motion, denied the Commissioner's cross-motion, and remanded the case to the Social Security Administration ("SSA") for further proceedings.  (Dkt. 15.)  The parties then stipulated, and the Court so ordered, that Plaintiff would be awarded $6,000 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (*See* Dkt. 21; 11/13/2019 Docket Order.)

On remand, a hearing was held before an administrative law judge ("ALJ").  (Bowes Declaration, ("Bowes Decl."), Dkt. 23, ¶ 14.)  Subsequently, Plaintiff was awarded disability insurance benefits, payable starting from April 2014.  (*Id.* ¶ 15; *see also* Notice of Award, Dkt. 23,

at ECF[1] 22.)  Accordingly, Plaintiff was awarded past-due benefits of $212,434.  (Notice of Award, Dkt. 23, at ECF 24.)  As required by the Social Security Act, the Commissioner withheld 25% of Plaintiff's total past-due benefits—or $53,108.50—so that Plaintiff's counsel could: (1) petition the SSA under 42 U.S.C. § 406(a) for approval of a reasonable fee as compensation for services during the proceedings at the agency level; and (2) seek an award from this Court under 42 U.S.C. § 406(b) for the time counsel expended representing Plaintiff before the Court.  (*See id.* at ECF 24–25.)

On June 15, 2021, the SSA mailed Plaintiff a Notice of Award, informing Plaintiff of the amount that had been withheld to pay fees.  (*See id.* at ECF 22, 24.)  On the same day, the SSA sent a copy of the Notice of Award to administrative counsel, *i.e.*, counsel who represented Plaintiff before the SSA on remand, Robert Ungaro.  (*See id.* at ECF 28.)  Ungaro received the Notice of Award on June 22, 2021 and emailed a copy to Bowes on the same day.  (Bowes Decl., Dkt. 23, ¶ 17.)  But because this email containing a copy of the Notice of Award "was sent to an incorrect file folder" due to "computer error," Bowes did not open the email until July 7, 2021.  (*Id.*)  That same day Bowes filed the instant motion for fees under § 406(b).[2]  (Dkt. 22.)

Bowes requests fees in the amount of $30,000—less than the 25% of Plaintiff's past-due benefits award that has been withheld—in connection with 31.6 hours of work undertaken on behalf of Plaintiff in federal court.  (Bowes Decl., Dkt. 23, ¶¶ 21, 23.)  According to the time records submitted with the motion, Bowes spent this time on the following tasks: (1) evaluating

---

[1]  Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[2]  According to the Court's CM/ECF docketing system, the motion was filed at 11:59 p.m. on July 7, 2021.  (Dkt. 22.)  The materials supporting the motion—Bowes's Affidavit and Memorandum of Law—were filed one minute later, at 12:00 a.m.  (*See* Dkts. 23, 24.)

the case, drafting the Complaint, and filing the case; (2) reviewing the certified administrative record; (3) drafting a motion and a brief for judgment on the pleadings; (4) reviewing the Commissioner's cross-motion and preparing a reply; and (5) preparing materials for requesting fees following the Court's July 2019 decision.  (*See* Time Records, Dkt. 23, at ECF 20.)  These time records, which appear to have been prepared in connection with Bowes's request for fees under the EAJA, indicate an hourly fee between $205.44 and $208.34.  (*Compare* Dkt. 19, at ECF 11, *with* Dkt. 23, at ECF 20.)  According to Bowes, his hourly non-contingent fee is $450.  (Bowes Decl., Dkt. 23, ¶ 39.)  Bowes has been litigating Social Security cases for over 25 years.  (*Id.* ¶ 37.)  In that time, he has represented over 2,000 claimants in administrative hearings before the SSA and over 1,000 claimants in civil actions challenging the final determination of the Commissioner. (*Id.*)

Pursuant to a contingent fee agreement (the "Fee Agreement"), Plaintiff agreed to pay Bowes a contingency fee for representation in federal court amounting to 25% of all past-due benefits.  (*See id.* ¶ 9; *see also* Fee Agreement, Dkt. 23, at ECF 17.)  As described above, 25% of Plaintiff's past-due benefits is $53,108.50.  Bowes requests $30,000—an effective hourly rate of $949.37.  (Bowes Decl., Dkt. 23, ¶¶ 23, 31.)  The Commissioner has filed a letter in response to the motion, pointing out that the motion was not filed within the prescribed time limits and that the requested fee may be a windfall to counsel.  (Commissioner's Response ("Comm'r Resp."), Dkt. 25, at 2–4.)

## DISCUSSION

### I.      Timeliness of the Motion

Although 42 U.S.C. § 406(b) contains no time limitation for filing a motion for attorney's fees, the Second Circuit has determined that Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure "provides the applicable limitations period for filing § 406(b) motions."  *Sinkler v.*

*Berryhill*, 932 F.3d 83, 87–88 (2d Cir. 2019).  Under Rule 54(d)(2)(B), a post-judgment motion for attorney's fees must "be filed no later than 14 days after the entry of judgment."  Fed. R. Civ. P. 54(d)(2)(B)(i).  But this rule poses "a practical problem" in the context of § 406(b) motions: the attorney filing a § 406(b) motion needs to know the amount of the benefits award, since fees are statutorily capped at 25% of that award, but the Commissioner's calculation of the award amount typically occurs months after the district court has entered judgment.  *Sinkler*, 932 F.3d at 87. "[P]arties who must await the Commissioner's award of benefits on remand cannot be expected to file an application for attorney's fees that are statutorily capped by the amount of an as-yet-unknown benefits award."  *Id.* at 88.  To avoid this problem, the Second Circuit concluded that the 14-day time limit under Rule 54(d)(2)(B) "is subject to equitable tolling when § 406(b) motions must await the SSA Commissioner's calculation of benefits."  *Id.* at 91.

In *Sinkler*, however, the Second Circuit was not entirely clear as to when the equitable tolling period ends and the 14-day filing period begins to run.  When summarizing its holding at the beginning and end of its opinion, the Second Circuit stated that the tolling period ends, and the filing period starts to run, when "the claimant receives notice" of the benefits award.  *Id.* at 85, 91. But when discussing its actual reasoning, the Second Circuit indicated that the relevant date is when "counsel receives notice of the benefits award."  *Id.* at 88.  Some courts, including this one, have suggested that starting the 14-day period when *counsel* receives notice of the benefits award is more consistent with *Sinkler*'s logic, because until counsel receives notice of the award, "the amount of the award remains 'as-yet-unknown' to the relevant party filing the § 406(b) motion." *See Diberardino v. Comm'r of Soc. Sec.*, No. 17-CV-2868 (PKC), 2020 WL 6746828, at *2 (E.D.N.Y. Nov. 17, 2020); *see also Phillip v. Comm'r of Soc. Sec.*, No. 18-CV-5005 (SN), 2021

WL 681289, at *2 (S.D.N.Y. Feb. 22, 2021); *Boylan v. Saul*, No. 15-CV-6730 (LTS) (JCF), 2020 WL 5235755, at *2 n.3 (S.D.N.Y. Sept. 2, 2020).

The § 406(b) motion in this case, however, was filed beyond the 14-day filing period regardless of whether the period started when Plaintiff received the Notice of Award or when Bowes received the Notice of Award.  The SSA mailed the Notice of Award to Plaintiff on June 15, 2021 (*see* Dkt. 23, at ECF 22), and Plaintiff presumably received it three days later, *see Sinkler*, 932 F.3d at 89 n.5 ("Nothing in this opinion departs from the law's presumption that a party receives communications three days after mailing.").  The Notice of Award was emailed to Bowes on June 22, 2021.  (Bowes Decl., Dkt. 23, ¶ 17.)  Yet, the instant motion was not filed until July 7, 2021—15 days after Bowes received the Notice of Award, and 19 days after Plaintiff presumably received it.

Nevertheless, "by its very terms, the fourteen-day deadline of Rule 54 is not a fatal jurisdictional deadline." *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 227 (2d Cir. 2004) (citations omitted).  Under Rule 6 of the Federal Rules of Civil Procedure, a court "may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).  Although there are some exceptions to this rule, the deadline under Rule 54 "is not among them." *Tancredi*, 378 F.3d at 226 (citing Fed. R. Civ. P. 6(b)(2)).  Therefore, the untimeliness of a motion under Rule 54(d) may be excused if there is a finding of "excusable neglect." *See id.* at 227–28; *cf. Sinkler*, 932 F.3d at 89 ("[Rule 54] expressly states that the specified period applies '[u]nless a statute or a court order provides otherwise.' Thus, district courts are empowered to enlarge that filing period where circumstances warrant." (second alteration in original) (internal citations omitted)).

Excusable neglect "is an 'elastic concept' that is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'"  *Tancredi*, 378 F.3d at 228 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 395 (1993)). Relevant circumstances include "prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith."  *Raymond v. IBM Corp.*, 148 F.3d 63, 66 (2d Cir. 1998) (citing *Pioneer*, 507 U.S. at 395); *accord Tancredi*, 378 F.3d at 228.   "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not *usually* constitute 'excusable' neglect[.]"  *Raymond*, 148 F.3d at 66 (emphasis added) (quoting *Pioneer*, 507 U.S. at 391–92). Nevertheless, in light of the equitable principles underlying the concept of excusable neglect, "mere inadvertence, without more, *can* in some circumstances be enough to constitute 'excusable neglect' justifying relief under Rule 6(b)(2)," *id.* (emphasis in original), "at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit," *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995).

The Court finds that the relevant circumstances in this case, on balance, show "excusable neglect," and the Court finds good cause to extend the filing deadline for the instant motion.[3] Although Bowes's excuse of "computer error" is somewhat puzzling, there is no indication of any bad faith, the length of the delay is only one day, and, importantly, the Commissioner faces no prejudice.  (*See* Bowes Decl., Dkt. 23, ¶¶ 17–19; *see also* Comm'r Resp., Dkt. 25, at 1 ("[T]he Commissioner has no direct financial stake in Section 406(b) matters[.]").  Moreover, it appears that as soon as Bowes became aware of the Notice of Award, Bowes promptly prepared materials

---

[3]   Even though Bowes did not file a separate motion requesting an extension of time, the Court construes the instant motion as including such a request (*see* Bowes Decl., Dkt. 23, ¶ 19), and finds that there is sufficient material in Bowes's declaration on which to base a finding of excusable neglect (*see id.* ¶¶ 17–19).

and filed the motion on the same day.  (*See* Bowes Decl., Dkt. 23, ¶ 17.)   Under these circumstances, the Court finds "excusable neglect" and good cause to extend the filing deadline. *Cf. Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir. 1984) ("The determination whether neglect is 'excusable' in a particular case rests with the sound discretion of the district court." (citing *Manhattan-Ward, Inc. v. Grinnell Corp.*, 490 F.2d 1183, 1186 (2d Cir. 1974))); *Petaway v. Osden*, 827 F. App'x 150, 152 (2d Cir. 2020) (summary order) (finding that the district court did not abuse its discretion in granting an extension, "particularly" given that the opposing party "failed to establish" any prejudice from the extension).  The motion here was timely.

## II.    Reasonableness of the Requested Fee

Section 406(b) provides that a court may award a "reasonable fee" that is "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled."  42 U.S.C. § 406(b)(1)(A).  The Court's determination of fees requested under § 406(b) "must begin with the agreement."  *Wells v. Sullivan* (*Wells II*), 907 F.2d 367, 371 (2d Cir. 1990).  "[T]he district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable."  *Id.*

To determine whether a fee is "unreasonable," the Court considers: (1) "whether the contingency percentage is within the 25% cap;" (2) "whether there has been fraud or overreaching in making the agreement;" and (3) "whether the requested amount is so large as to be a windfall to the attorney."  *Id.* at 372; *accord Diberardino*, 2020 WL 6746828, at *3.  "In addition, if fee awards are made to the attorney under both the EAJA and § 406(b), the attorney must refund to the plaintiff the amount of the smaller fee award."  *Diberardino*, 2020 WL 6746828, at *3 (citations omitted); *see also Wells v. Bowen* (*Wells I*), 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients.").

7

Bowes requests fees of $30,000, which is within the 25% cap.  (*See* Bowes Decl., Dkt. 23, ¶¶ 20–21.)  Given that there are no allegations of fraud or overreaching with respect to the Fee Agreement, the only question is whether a fee of $30,000 would result in a windfall to Bowes.

Courts in this circuit have identified several relevant considerations in determining whether a requested award of attorney's fees would constitute a windfall: (1) "whether the attorney's efforts were particularly successful for the plaintiff"; (2) "whether the effort expended by the attorney is demonstrated through non-boilerplate pleadings and arguments that involved both real issues of material fact and required legal research"; and (3) "whether the case was handled efficiently due to the attorney's experience in handling social security cases."  *Diberardino*, 2020 WL 6746828, at *3 (citing *Rowell v. Astrue*, No. 05-CV-1592 (CBA) (JMA), 2008 WL 2901602, at *4 (E.D.N.Y. July 28, 2008)); *accord Theresa I. v. Saul*, No. 17-CV-1317 (DJS), 2020 WL 1526895, at *1–2 (N.D.N.Y. Mar. 30, 2020).  "Although the reviewing court may not use the lodestar method to calculate the fee due, a record of the number of hours spent on the case in federal court may assist a court in determining whether a given fee is reasonable."  *Benton v. Comm'r of Soc. Sec.*, No. 03-CV-3154 (ARR), 2007 WL 2027320, at *2 (E.D.N.Y. May 17, 2007); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002) ("[T]he court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.").

The Court finds that awarding $30,000 in this case would result in an unreasonable fee and a windfall to counsel.  Bowes's actual work product over the course of 31.6 hours in this case consisted of a largely boilerplate, barely four-page complaint (*see* Dkt. 1); a two-page and similarly boilerplate motion for judgment on the pleadings, accompanied by a 23-page memorandum of law

(*see* Dkts. 8, 9); and a three-page reply memorandum (*see* Dkt. 14). Bowes is unquestionably experienced in Social Security litigation, and his efforts achieved a successful result for Plaintiff. (*See* Bowes Decl., Dkt. 23, ¶ 37.) But there is nothing here that demonstrates that the requested fee of $30,000 is driven by any unusual effort or risk that Bowes undertook, as opposed to the fact that Plaintiff happened to be entitled to a rather large past-due benefits award. Even Bowes seems to acknowledge that a fee amounting to the full 25% of Plaintiff's past-due benefits provided for under the Fee Agreement—$53,108.50—would be unreasonable. (*See* Bowes Decl., Dkt. 23, ¶¶ 20–21.) Considering the circumstances of this case and accounting for fee awards in comparable cases, the Court finds that a fee of $30,000 is simply too high. *See, e.g.*, *Garmendiz v. Saul*, No. 17-CV-662 (JGK), 2021 WL 847999, at *1–2 (S.D.N.Y. Mar. 5, 2021) (reducing Bowes's requested fees of $50,919 for 35.2 hours of work to $17,600); *Espada v. Comm'r of Soc. Sec.*, No. 15-CV-1505 (SDA), 2020 WL 1322527, at *3 (S.D.N.Y. Mar. 21, 2020) (reducing Bowes's requested fees of $25,000 for 24.9 hours of work to $12,450); *Tamburri v. Saul*, No. 16-CV-5784 (PKC), 2019 WL 6118005, at *3 (E.D.N.Y. Nov. 18, 2019) (reducing Bowes's requested fees of $29,400 for 29.4 hours of work to $14,700); *Morris v. Saul*, No. 17-CV-259 (PKC), 2019 WL 2619334, at *3 (E.D.N.Y. June 26, 2019) (reducing Bowes's requested fees of $30,000 for 32.5 hours of work to $16,250).[4] In short, in the Court's judgment, awarding Bowes $30,000— the equivalent of more than twice Bowes's non-contingent hourly rate of $450 for each of the 31.6 hours worked in this case (*see* Bowes Decl., Dkt. 23, ¶¶ 31, 39)—would be a windfall.

---

[4] Bowes is correct that courts in this circuit have approved fee awards under 42 U.S.C. § 406(b) that are along the lines of the requested award here. *See, e.g.*, *Polanco v. Saul*, 16-CV-9532 (CM) (OTW), 2020 WL 5569692, at *2 (S.D.N.Y. Sept. 17, 2020) (approving requested fees of $31,400 for 31.4 hours of work); *Mills v. Berryhill*, 15-CV-5502 (DLI), 2019 WL 1507923, at *2 (E.D.N.Y. Apr. 5, 2019) (approving requested fees of $37,993.25 for 37.7 hours of work). However, this Court must use its own discretion to determine "whether the requested amount is so large as to be a windfall to the attorney." *Wells II*, 907 F.2d at 372.

Instead, the Court finds that an award of $15,800 adequately compensates Bowes for the time that he spent on this case, the risks that he accepted in undertaking the representation of Plaintiff on a contingency basis, and the successful result he obtained for Plaintiff. *Cf. Gisbrecht*, 535 U.S. at 808 ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order."). This fee amount of $15,800, which translates to an hourly rate of $500, provides reasonable compensation for the legal services provided by Bowes, while also advancing the underlying policy goal of ensuring that claimants have qualified counsel representing them in Social Security cases. *See, e.g.*, *Devenish v. Astrue*, 85 F. Supp. 3d 634, 639 (E.D.N.Y. 2015) ("[A]n award . . . amounting to an hourly rate of $350 . . . satisfies the underlying policy goal of ensuring that claimants have qualified counsel in their social security appeals"); *Muniz v. Astrue*, No. 09-CV-3954 (ARR), 2011 WL 5563506, at *6 (E.D.N.Y. Nov. 15, 2011) ("Further, an award of fees . . . amounting to an hourly rate of $333.33 . . . satisfies the underlying policy goal of enabling social security claimants to secure quality legal representation.").

Finally, Bowes requests that the Court offset any fees award by $6,000 to account for the fees Bowes has already received under the EAJA. (*See* Bowes Decl., Dkt. 23, ¶¶ 22, 41.) The Court declines this request because "the claimant's attorney must refund to the claimant the amount of the smaller fee." *See Gisbrecht*, 535 U.S. at 796 (2002) (internal alterations, quotation marks, and citation omitted); *see also Wells I*, 855 F.2d at 48 ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients.").

## CONCLUSION

The motion for attorney's fees under 42 U.S.C. § 406(b) is granted in part and denied in part, and Attorney Bowes is awarded $15,800 in attorney's fees. Upon receipt of this award,

Bowes shall promptly refund Plaintiff $6,000, which represents the EAJA fees that counsel has already received.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: August 18, 2021
      Brooklyn, New York

11